# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.                                                            Case No. 16-CR-117

**LORENZO SEAN PAGE et al.,**

    Defendants.

## ORDER DESIGNATING CASE AS COMPLEX
## AND GRANTING CONTINUANCE UNDER SPEEDY TRIAL ACT

On July 26, 2016, a grand jury in this District returned a seven count indictment against Lorenzo Sean Page, Tiawan Gilchrist, Antoinette Crudup, and Courtney Felders. (Docket # 3.) Page, Gilchrist, and Crudup are charged with participating in a conspiracy to distribute marijuana. Page, Gilchrist, Crudup, and Felders are charged with distribution of marijuana. Page is charged with distribution of ecstacy and Gilchrist is charged with being a felon in possession of a firearm. On August 11, 2016, Gilchrist moved to strike the existing pretrial motions schedule, the pretrial conference, and the trial date in favor of setting a schedule for sometime after Page appears in this District and is arraigned. (Docket # 20.) Gilchrist also stated that the case might be subject to designation as complex. (*Id.* at 2.) On August 22, 2016, I held a status conference.

At the status conference, Gilchrist formally moved to designate the case as complex and the other three defendants joined the motion. The government does not oppose the motion. The government reported on the status of the case, particularly the discovery. The discovery in this case is voluminous—approximately 20 disks, including state and federal search warrants, jpeg images, police reports, and videos of post-arrest statements. Given the nature of the indictment, the number

-1-

Case 2:16-cr-00117-PP   Filed 08/22/16   Page 1 of 2   Document 27

of defendants, and the volume of discovery, I find that it is appropriate to designate the case complex. Additionally, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), I find that based on the complexity of this case, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits set by the Speedy Trial Act. Further, I find that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by taking this action outweigh the best interest of the public and the defendants in a speedy trial.

Therefore, the time between August 22, 2016 and the next status conference on September 22, 2016 is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

**NOW, THEREFORE, IT IS ORDERED** that the case is designated complex.

**IT IS FURTHER ORDERED** that the Court will hold a status conference, for counsel only, on **September 22, 2016 at 1:30 p.m.** The government, after consulting with defense counsel, is to submit a letter with a proposed schedule for pretrial motions by September 21, 2016.

**IT IS FURTHER ORDERED** that the time between August 22, 2016 and the status conference on September 22, 2016 is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

Dated at Milwaukee, Wisconsin this 22nd day of August, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge